UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VANESSA MOORE                              CASE NO.:

    Plaintiff,

v.

CRAFTY CRAB
PANAMA CITY LLC
Foreign Limited
Liability Company

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, VANESSA MOORE ("Plaintiff" or "Ms. Moore"), by and through undersigned counsel, files this Complaint against Defendant, CRAFTY CRAB PANAMA CITY LLC. ("Defendant" or "Crafty Crab"), and states as follows:

### NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant minimum wages and an additional and equal amount as liquidated damages, overtime compensation and an additional and equal amount as liquidated damages, reasonable attorneys' fees and costs, and any other damages permitted by law.

### PARTIES, JURISDICTION, AND VENUE

1

2. Plaintiff was employed as a Server on behalf of Defendant in Bay County, Florida.

3. Crafty Crab is a Florida Profit Corporation located in Bay County, Florida, and which, at all times relevant, performed work in, among other places, Bay County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover minimum wages and unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Bay County, Florida.

## **FLSA COVERAGE**

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

9. Based upon information and belief, the annual and gross revenue of

2

Defendant was in excess of $500,000.00 per annum during all times relevant.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. At all times material hereto, Defendant was primarily engaged in providing, among other things, department restaurant services to local and out of state clients via its business located in Bay County, Florida.

12. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

13. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as food, cleaning equipment, kitchen equipment, and tools, but which had come to rest within its location in Bay County, Florida.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for Defendant as an hourly, tipped Server from March 8, 2021, until July 15, 2022.

16. In exchange for her duties as a Server, Defendant paid Plaintiff $7.89, plus earned tips.

17. Plaintiff worked in Bay County, Florida, and her activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

18. Plaintiff had no authority to hire or fire employees of Crafty Crab.

19. Plaintiff had no authority to discipline employees of Crafty Crab.

20. Plaintiff had no authority to determine the schedules to be worked by any employees of Crafty Crab, or to change the schedules.

21. Plaintiff had no authority to set rates of pay for other employees or agents of Crafty Crab.

22. Plaintiff had no input into performance reviews of other employees or agents of Crafty Crab.

23. All of Plaintiff's major decisions had to be cleared in advance by one of Crafty Crab's supervisors.

24. Plaintiff was closely monitored by Crafty Crab's managers and supervisors at all times.

25. Plaintiff followed procedures established by Crafty Crab and did exactly as she was instructed to do.

26. Throughout Plaintiff's employment, Defendant regularly required

Plaintiff to work in excess of forty (40) hours per week.

27. Defendant paid Plaintiff an hourly tipped rate of $7.89 per hour.

28. Crafty Crab had a "tip pool" arrangement.

29. Crafty Crab's "tip pool" arrangement including the sharing or pooling in of tips with employees that do not customarily or regularly receive tips, including but not limited to management, owners, and kitchen staff.

30. Crafty Crab did not allow Ms. Moore to retain all of her tips as a portion of her tips were retained by Defendant.

31. Crafty Crab also failed to pay Ms. Moore properly for all hours worked, including overtime.

32. The foregoing resulted in Ms. Moore working numerous weeks without receiving the proper minimum wage pursuant to the FLSA.

33. Crafty Crab had knowledge that Ms. Moore worked multiple weeks without receiving minimum wage.

34. Crafty Crab utilized the tip credit to reduce the minimum wage rate it compensated to Ms. Moore for her hours worked.

35. From March 8, 2021, until July 15, 2022, Plaintiff regularly worked an average of sixty (60) or more hours per week for Defendant.

36. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during the above-

noted time period, instead routinely paying her **nothing at all** of her earned overtime for such hours during all of her pay periods.

37. Throughout her employment, Defendant ordered Plaintiff to complete tasks that would force her to work more than forty (40) hours a week.

38. Crafty Crab routinely failed to pay Ms. Moore her full one-and-a-half times her hourly rate for all of this extra work.

39. Throughout her tenure, when Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay her for all overtime hours worked.

40. On July 15, 2022, Plaintiff and Defendant ended their employment relationship.

41. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

42. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40)

hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

43. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

44. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

45. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

46. Based on the allegations in Paragraphs 43-45, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

47. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

48.  Plaintiff reincorporates and re-alleges paragraphs 1 through 47, above, as though set forth fully herein, and further alleges as follows:

49.  Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

50.  During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

51.  Plaintiff was not an exempt employee as defined by the FLSA.

52.  As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages in addition to incurring reasonable attorneys' fees and costs.

53.  As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court declare, pursuant to the FLSA that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA; award Plaintiff overtime compensation in the

amount due to her for time worked in excess of forty (40) hours per work week; award Plaintiff liquidated damages in an amount equal to the overtime award; award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## COUNT II
## VIOLATION OF MINIMUM WAGE UNDER FLSA 29 U.S.C §206

54. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-47.

55. Plaintiff is entitled to be paid the applicable federal minimum wage for each hour Plaintiff worked for Defendant.

56. Defendant failed to pay Plaintiff the federal minimum wage for each week Plaintiff worked for Defendant.

57. As a result of Defendant's actions in this regard, Plaintiff was not paid the federal minimum wage for each hour worked during one or more weeks of employment with Defendant.

58. Defendant willfully failed to pay Plaintiffs the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

59. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff has been damaged in the loss of minimum wages during her employment with Defendant.

60. Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

61. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

62. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

**WHEREFORE**, Plaintiff requests this Court to enter a judgment against Defendant for damages and prejudgment interest, together with costs of suit and reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 9th day of March 2023.

Respectfully Submitted,

**By: /s/Noah Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL,
P.A. 10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*

10